**LAITRAM MACHINERY, INC.**

v.

**CARNITECH A/S, a Danish Corporation; Seafood Equipment Development Corp.; and Skrmetta Machinery Corp.**

No. 92–3841.

United States District Court, E.D. Louisiana.

Jan. 9, 1995.

---

Barry Louis LaCour, Laitram Corp., Harahan, LA, Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, D. David Hill, McAndrews, Held & Malloy, Chicago, IL, for plaintiff Laitram Machinery Inc. and cross-defendant Asgeir Bjarnasson.

Bernard Marcus, Charles Kirk Reasonover, Marc J. Yellin, Deutsch, Kerrigan & Stiles, New Orleans, LA, for defendant Carnitech A/S.

Harry Simms Hardin, III, Patrick Hannon Patrick, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Elsie T. Apthorp, Maitland, FL, for defendant Seafood Equipment Development Corp.

Charles Emmett Pugh, National Law Offices of Pugh/Associates, Patent & Trademark Attorneys Ltd., New Orleans, LA, for defendant Skrmetta Machinery Corp.

Charles Emmett Pugh, Rickey Ray Hudson, National Law Offices of Pugh/Associates, Patent & Trademark Attys., Ltd. New Orleans, LA, for cross-claimants, Dennis Skrmetta, Barbara Skrmetta, Eric Skrmetta, Melissa Skrmetta.

Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Or-

leans, LA, Timothy J. Malloy, Gregory J. Vogler, McAndrews, Held & Malloy, Chicago, IL, for cross-defendants Laitram Corp., George Charles Lapeyre, Brent A. Ledet, James M. Lapeyre, Donald Quick, James Saul.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is Skrmetta Machinery Corporation's "Objections to Order of Magistrate Judge Entered on November 22, 1994," which is an appeal of the Magistrate's denial of Skrmetta's motion to amend its counterclaim and third-party claims. At the request of Skrmetta Machinery Corp. at oral argument on another motion in this case on December 21, 1994, this matter was taken under submission to be heard on briefs only. After considering the memoranda of the parties, the record and the applicable law, the Court denies the appeal.

## BACKGROUND

On September 22, 1994, a deadline was set within which the parties were to file amended pleadings in this matter. On October 24, 1994, the last day of the deadline, Skrmetta Machinery Corp. (hereinafter "Skrmetta") filed a "Motion and Order for Leave to Further Amend Counter & 3rd Party Claims."[1]

Skrmetta sought to amend its counterclaim and third-party claims, in essence, in four ways. First, Paragraphs 15A and 25A of the proposed amendment involve an alleged violation of an FTC order entitled *In the Matter of Grand Caillou Packing Co., Inc., et al, Trading as the Peelers Company Modified Order, Etc., In Regard to the Alleged Violation of the Federal Trade Commission Act,* 71 F.T.C. 353 (1967) (hereinafter the "Peeler's Company FTC Order"). Second, Paragraph 41A of the proposed amendment concerned an amendment to a patent number which was reissued.

Third, Paragraph 61A of the proposed amendment sought to bar plaintiff Laitram

Machinery Corp. (hereinafter "Laitram") from seeking enforcement of patents and patent rights Laitram may have in commercial shrimp processing equipment "under both the equitable doctrines of laches (since at least 1990) and of estoppel."

Finally, Skrmetta attempted to add Counts VIII through VIIIE to its counterclaim and third-party claims, which included allegations of false marking and "nefarious acts" as well as alleged violations of the Lanham Act, 15 U.S.C. § 1125(a); the Sherman Act, 15 U.S.C. § 2; the Louisiana Antitrust Statute, LSA–R.S. 51:122 *et seq.;* and the Louisiana Unfair Trade Practices Act, LSA–R.S. 51:1405 *et seq.*

The matter was briefed before the United States Magistrate Judge, who took the matter under submission without oral argument on November 10, 1994, and issued his decision on November 22, 1994. (Documents 136 and 142, respectively.) In regard to the proposed amendment comprised by Paragraphs 15A and 25A, the Magistrate Judge denied Skrmetta's motion "for lack of standing by movant to assert violation of FTC order." (Document 142.) The Magistrate Judge granted Skrmetta's motion as to Paragraph 41A. (*Id.*) The Magistrate Judge denied Skrmetta's motion to amend without prejudice as to Paragraph 61A: "without prejudice to reurge if the District Judge denies Laitram's related motion for summary judgment."[2] (*Id.*) Finally, in regard to proposed Counts VIII through VIIIE, the Magistrate Judge denied Skrmetta's motion "as prescribed or otherwise untimely and prejudicial to opponent if allowed." (*Id.*)

## LAW AND APPLICATION

The Magistrate Judge's decision in this matter must be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

■ Skrmetta's first contention—that it was denied due process because the Magistrate Judge decided Skrmetta's motion on briefs without oral argument—can be dis-

---

1. Skrmetta had filed its original counterclaim and third-party claims in February 1994 and amended these pleadings in April 1994.

2. This Court denied Laitram's motion on November 16, 1994.

posed of quickly. Skrmetta cites no law, and this Court knows of none, which required that the Magistrate Judge conduct oral argument on Skrmetta's motion. Skrmetta's argument that it planned to show the lack of merit of Laitram's position at oral argument also is of no consequence. Once Skrmetta learned that the Magistrate Judge had taken the matter under advisement on briefs only, Skrmetta could have moved for leave to file a supplemental memorandum. The record is devoid of any such request.

■ Skrmetta's appeal in regard to the Magistrate's denial of its motion to amend by adding paragraph 61A is not properly before this Court. The Magistrate Judge denied Skrmetta's motion without prejudice as to this part of its proposed amendment depending on how this Court ruled on Laitram's motion for summary judgment. As noted above, this Court denied Laitram's motion for summary judgment. Skrmetta is now free to pursue this matter once again before the Magistrate Judge. Further, the Court does not find that the Magistrate Judge's reasoning as to the denial without prejudice was clearly erroneous or contrary to law due to the posture of this case while the Magistrate Judge had this matter under submission. Therefore, the Court denies Skrmetta's appeal on this issue without prejudice.[3]

■ The two remaining issues concern the proposed amendments of Paragraphs 15A and 25A as well as Counts VIII through VIIIE. In regard to Paragraphs 15A and 25A, the Magistrate Judge denied this amendment due to Skrmetta's lack of standing to enforce an FTC order. Skrmetta does not disagree that it has no standing to enforce an FTC action. *See Holloway v. Bristol–Myers*, 485 F.2d 986, 991 (D.C.Cir.1973). Instead, Skrmetta argues that through this amendment it is attempting to "provid[e] the trier of fact with a fuller appreciation of the totality of Laitram's anti-competitive acts" as set forth in this prior counterclaims and third-party claims, as amended. (Skrmetta's "Memorandum in Support of Objection to Order of Magistrate Judge Entered on November 22, 1994," p. 11.)

Skrmetta's argument falls short in light of the specific language as proposed in paragraphs 15A and 25A. Paragraph 15A sets forth the history of The Peeler's Company FTC order, and Paragraph 25A specifically asserts as follows: "The aforementioned benefits and services which Laitram provided exclusively to Point Adams pursuant to the terms of a lease agreement, or in association with the lease, executed by the parties is conduct that is a violation of the Peeler's Company FTC Order." The precise language of this allegation shows that Skrmetta is attempting to enforce the Peeler's Company FTC order.

However, Skrmetta has no standing to enforce this order, whether directly or indirectly as part of its anti-trust allegation under Count I of its original counterclaim. *Holloway*, 485 F.2d at 991–992. As a result, the Court refuses to find that the Magistrate Judge's decision on this issue was clearly erroneous or contrary to the law. Indeed, denial of a motion to amend is proper when a matter is subject to dismissal because there exists no standing to sue. *Pan–Islamic Trade Corporation v. Exxon Corporation*, 632 F.2d 539, 546 (5th Cir.1980).

■ Similarly, the Court refuses to find that the Magistrate Judge's decision in regard to the Skrmetta's proposed addition of Counts VIII through VIIIE was clearly erroneous or contrary to the law. The Magistrate Judge found that these counts were prescribed or otherwise untimely and prejudicial. All of these counts relate to Laitram's alleged marking of its machinery with expired patent numbers. This marking allegedly is "for the purpose of deceiving the public and thereby causing potential customers for shrimp processing machines" to be confused into thinking that Laitram still holds patents on these machines, resulting in those customers fearing lawsuits from Laitram should they buy other machines, such as Skrmetta machines. (Proposed Amendment, Paragraph 84, Count VIII, attached as Exh. 1–B to this appeal.)

---

**3.** Laitram vigorously argues against the granting of the amendment on this issue, but the Court

notes that Laitram has not appealed the Magistrate Judge's ruling.

In its opposition memorandum before the Magistrate Judge, Laitram offered a declaration from G. Charles Lapeyre, an officer, board member and employee of Laitram, that stated that Laitram has not manufactured any equipment or machinery since at least April 1989 marked with any of the patent numbers at issue. A *qui tam* action under an allegation of false marking pursuant to 35 U.S.C. § 292, such as Count VIIIA, has a five-year statute of limitations. *See Arcadia Machine & Tool, Inc. v. Sturm, Ruger, & Company, Inc.*, 227 U.S.P.Q. 655, 1985 WL 5181 (C.D.Cal.1985).

Consequently, unless the proposed amendment relates back to the original counterclaim, as amended, pursuant to Fed.R.Civ.P. 15(c), Skrmetta's proposed amendment filed in October 1994 is beyond the five-year statute of limitations. The Court finds that Count VIIIA does not relate back, even though a Lanham Act violation was set forth in the original counterclaim and third-party claim, as amended. The present amendment arises out of a new set of alleged facts and circumstances that, despite Skrmetta's argument to the contrary, does not arise "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).[4]

■ In regard to Counts VIII and VIIIB through VIIIE, the Court agrees with the Magistrate Judge that these claims are untimely and/or prejudicial. It is true that Skrmetta filed these claims within the deadline set by the Court. However, the patents referred to expired, at the latest, in 1985. Thus, allowing these amendments would cause prejudice to Laitram in defending actions relating to patents that, according to the Lapeyre declaration, were last related to machinery manufactured more than five years ago.

The scope of these amendments also would cause undue delay in the proceedings in view of a trial date in this matter of April 3, 1995, and the complex, painstaking nature of this litigation. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982). Additionally, the alleged violations in Counts VIII and VIIIB through E all pertain to the alleged false marking and do not, for the reasons set forth above, relate back to the claims in the original or amended counterclaim and third-party claims. Finally, the fact that this proposed amendment was filed within the deadline for filing amendments is of no consequence. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir.1993).

Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), such leave is not automatic. *Wimm*, 3 F.3d at 139. In this case, which has been pending for some time, allowing Skrmetta to amend its counterclaim and third-party claim to add Counts VIII through VIIIE will only prolong what has rapidly become protracted litigation at every turn. Thus, the Magistrate Judge's decision denying Skrmetta's motion to amend on these counts was not clearly erroneous or contrary to the law.

Accordingly,

**IT IS ORDERED** that the "Objections to Order of Magistrate Judge Entered on November 22, 1994" filed by Skrmetta Machinery Corp. **BE** and **IS HEREBY DENIED.**

---

4. Skrmetta attaches to its appeal the affidavit of Raphael Q. Skrmetta in support of its argument that Laitram's actions are ongoing. However, Skrmetta made no effort to file this affidavit for the Magistrate Judge to review. Thus, on the record before him, the Magistrate Judge's decision was neither clearly erroneous or contrary to law. As noted, Skrmetta had 12 days from the date that the Magistrate Judge notified the parties that he would hear Skrmetta's motion on briefs only within which to file this affidavit. (Even if Skrmetta only learned as of November 16 that this motion would be taken under submission on briefs only, as it alleges, Skrmetta still had six days before the Magistrate Judge's decision to file this affidavit.) Furthermore, as explained in detail below, the Court agrees with the Magistrate Judge that, in addition to Counts VIII through VIIIE being untimely, they are unduly prejudicial. Thus, even taking into account Raphael Skrmetta's affidavit, the Magistrate Judge's ruling was correct.